**McGLINCHEY STAFFORD**
Brian A. Paino (SBN 251243)
John Calvagna (SBN 182609)
Hassan Elrakabawy (SBN 248146)
18201 Von Karman Avenue, Suite 350
Irvine, California 92612
Telephone:  (949) 381-5900
Facsimile:  (949) 271-4040
Email:   bpaino@mcglinchey.com
     jcalvagna@mcglinchey.com
     helrakabawy@mcglinchey.com

Attorneys for *Defendants* **NATIONAL DEFAULT SERVICING CORPORATION; SELECT PORTFOLIO SERVICING, INC.; and HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE REGISTERED HOLDERS OF ACE SECURITIES CORP. HOME EQUITY LOAN TRUST, SERIES 2006-NC3, ASSET BACKED PASS-THROUGH CERTIFICATES**

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| JON CENOZ, as Trustee of 42145 CALLE BARBONA TRUST,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL DEFAULT SERVICING CORPORATION, as Trustee for the registered holders of ACE Securities Corp. Home Equity Loan Trust, Series 2006-NC3, Asset Backed Pass-Through Certificates; HSBC BANK USA, NATIONAL ASSOCIATION, as Trustee for the registered holders of ACE Securities Corp. Home Equity Loan Trust, Series 2006-NC3, Asset Backed Pass-Through Certificates; SELECT PORTFOLIO SERVICING, INC., as Trustee for the registered holders of ACE Securities Corp. Home Equity Loan Trust, Series 2006-NC3, Asset Backed Pass-Through Certificates; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.: 5:14-cv-02440-VAP-DTB<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**<br><br>Superior Court Case No.: RIC 1410840<br>Action Filed: November 12, 2014<br>Trial Date: NA<br><br>**Hearing**:<br>Date: February 16, 2015<br>Time: 2:00 p.m.<br>Ctrm: 2 |

**TO ALL INTERESTED PARTIES**:

**PLEASE TAKE NOTICE** that, on February 16, 2015, at 2:00 p.m., or as soon thereafter as the matter may be heard, in Courtroom 2 of the above-entitled court, located at 3470 Twelfth Street, Riverside, CA 92501, *defendants* National Default Servicing Corporation ("NDSC"), Select Portfolio Servicing, Inc. ("SPS"), and HSBC Bank USA, National Association, as Trustee for the registered holders of ACE Securities Corp. Home Equity Loan Trust, Series 2006-NC3, Asset Backed Pass-Through Certificates ("HSBC Bank," and together with NDSC and SPS, the "Defendants") will, and hereby do, move the Court to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(6).

As set forth more fully in the accompanying Memorandum of Points and Authorities (the "Memorandum"), this motion is made on the ground that *plaintiff* Jon Cenoz, as Trustee of 42145 Calle Barbona Trust's ("Plaintiff") complaint filed herein (the "Complaint") fails to state a claim against Defendants upon which relief can be granted.

This motion is based on the accompanying Memorandum, the Request for Judicial Notice filed concurrently herewith, the pleadings and papers on file herein, and upon such oral and documentary evidence as may be presented by the parties at the hearing.

DATED: January 13, 2015            **McGLINCHEY STAFFORD**

By: /s/ Brian A. Paino
  BRIAN A. PAINO
  JOHN CALVAGNA
  HASSAN ELRAKABAWY
Attorneys for *Defendants* **NATIONAL DEFAULT SERVICING CORPORATION; SELECT PORTFOLIO SERVICING, INC.; and HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE REGISTERED HOLDERS OF ACE SECURITIES CORP. HOME EQUITY LOAN TRUST, SERIES 2006-NC3, ASSET BACKED PASS-THROUGH CERTIFICATES**

**LOCAL CIVIL RULE 7-3 CERTIFICATION**

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on December 8, 2014.

3    Case No. 5:14-cv-02440-VAP-DTB
NOTICE OF MOTION AND MOTION TO DISMISS
516857.1

# TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................... 1

II. STATEMENT OF FACTS ............................................................................. 1

    A. The Loan ............................................................................................... 1

    B. The Default............................................................................................ 2

    C. The HOA Foreclosure .......................................................................... 2

    D. The Bankruptcy .................................................................................... 3

    E. The Lawsuit .......................................................................................... 3

III. LEGAL STANDARD .................................................................................... 3

IV. ANALYSIS .................................................................................................... 4

    A. PLAINTIFF FAILS TO STATE A CLAIM FOR QUIET TITLE............ 4

        1. The Bankruptcy Discharge ............................................................. 5

        2. Plaintiff's Title is Inferior to the Deed of Trust.............................. 5

    B. PLAINTIFF IS NOT ENTITLED TO DECLARATORY RELIEF.......... 7

    C. PLAINTIFF IS NOT ENTITLED TO INJUNCTIVE RELIEF ................ 8

    D. PLAINTIFF FAILS TO STATE A CLAIM FOR QUANTUM MERUIT..................................................................................................... 8

V. CONCLUSION ............................................................................................ 10

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*In re Akram*,
  259 B.R. 371 (Bankr. C.D. Cal. 2001) .................................................................. 5

*American States Ins. Co. v. Kearns*,
  15 F.3d 142 (9th Cir. 1994) .................................................................................. 7

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) .............................................................................................. 4

*Balistreri v. Pacifica Police Dep't*,
  901 F.2d 696 (9th Cir.1990) ................................................................................. 3

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) .............................................................................................. 4

*Bilbrey by Bilbrey v. Brown*,
  738 F.2d 1462 (9th Cir. 1984) .............................................................................. 7

*Commercial Union Ins. Co. v. Walbrook Ins. Co., Ltd.*,
  41 F.3d 764 (1st Cir. 1994) ................................................................................... 7

*In re De Laurentiis Entm't Grp. Inc.*,
  963 F.2d 1269 (9th Cir. 1992) .............................................................................. 8

*Emrich v. Touche Ross & Company*,
  846 F.2d 1190 (9th Cir. 1988) .............................................................................. 4

*Jensen v. Quality Loan Serv. Corp.*,
  702 F.Supp.2d 1183 (E.D. Cal. 2010) .................................................................. 8

*Johnson v. Home State Bank*,
  501 U.S. 78 (1991) ................................................................................................ 5

*Lazy Y Ranch Ltd. v. Behrens*,
  546 F.3d 580 (9th Cir. 2008) ................................................................................ 4

*Love v. United States*,
  915 F.2d 1242 (9th Cir. 1990) .............................................................................. 4

*Nat'l Union Fire Ins. Co. v. Karp*,
   108 F.3d 17 (2nd Cir.1997) ................................................................................. 7

*Rosenfeld v. JPMorgan Chase Bank, N.A.*,
   732 F.Supp.2d 952 (N.D. Cal. 2010) ................................................................... 8

**State Cases**

*Diamond Heights Vill. Ass'n, Inc. v. Fin. Freedom Senior Funding Corp.*,
   196 Cal.App.4th 290 (2011) ................................................................................ 6

*Dinosaur Development, Inc. v. White*,
   216 Cal.App.3d 1310 (1989) ............................................................................... 9

*DMC, Inc. v. Downey Sav. & Loan Ass'n*,
   99 Cal.App.4th 190 (2002) ............................................................................. 6, 10

*Major-Blakenev Corp. v. Jenkins*,
   121 Cal.App.2d 325 (1953) ................................................................................. 9

*Newman v. Cornelius*,
   3 Cal.App.3d 279 (1970) ..................................................................................... 4

*Nguyen v. Calhoun*,
   105 Cal.App.4th 428 (2003) ................................................................................ 6

*Pavne v. Bank of America Nat'l Trust & Sav. Ass'n*,
   128 Cal.App.2d 295 (1954) ................................................................................. 9

*Thaler v. Household Fin. Corp.*,
   80 Cal.App.4th 1093 (2000) ................................................................................ 7

*Tulare Dist. v. Lindsay-Strathmore Dist.*,
   3 Cal.2d 489 (1935) ............................................................................................. 4

*Veterans of Foreign Wars, Post 10965 v. City of El Paso*,
   62 Cal.App.4th 1077 (1998) ................................................................................ 6

**Federal Statutes**

11 U.S.C. § 101 ............................................................................................................ 3, 5

28 U.S.C. § 2201(a) ......................................................................................................... 7

28 U.S.C. § 2202 .............................................................................................................. 7

**State Statutes**

Cal. Civ. Code § 2924k ..................................................................................................... 9

Cal. Civ. Code § 4000 ....................................................................................................... 5

Cal. Civ. Code § 5600 ....................................................................................................... 5

Cal. Civ. Code § 5675 ....................................................................................................... 6

Cal. Civ. Code § 5676 ....................................................................................................... 6

Cal. Civ. Code § 5680 ....................................................................................................... 6

Cal. Civ. Proc. Code § 761.020 ........................................................................................ 4

Cal. Civ. Proc. Code § 761.020(a) .................................................................................... 4

**Rules**

Federal Rule of Civil Procedure 12(b)(6) ..................................................................... 3, 4

**Other Authorities**

1 Witkin, Summary of California Law, Contracts § 91 at 123 (9th ed. 1987) ............................................................................................................................ 9

1 Witkin, Summary of California Law, Contracts § 113 at 138 (9th ed. 1987) ............................................................................................................................ 9

E. Allan Farnsworth, Contracts § 2.20 at 106 (2d ed. 1990) ........................................... 9

Restatement, Restitution § 1, Com c .................................................................................. 9

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Through this action, Plaintiff seeks a judicial declaration regarding his rights in certain real property (defined below) that he maintains as his residence. Each of his enumerated claims are premised on his contention that his interest in the property is superior to Defendants' interests. He first claims that Defendants' lien is unenforceable because the former trustors received a bankruptcy discharge. This contention is not supported by law. On the contrary, a bankruptcy discharge does not generally affect lien rights. Plaintiff also alleges that he acquired superior title by purchasing the property at a foreclosure sale conducted by the homeowners' association. Once again, Plaintiff's allegation is legally baseless. Because the association lien post-dated Defendants' lien, any party acquiring title through the homeowners' association necessarily took title subject to Defendants' lien. For these reasons, as explained more fully herein, the Complaint should be dismissed.

## II. STATEMENT OF FACTS

### A. The Loan

On or about June 23, 2006, Gustavo Magana and Amy Magana (the "Borrowers") obtained a mortgage loan (the "Loan") from New Century Mortgage Corporation ("New Century") in the original principal sum of $997,500.00, which was reflected in a promissory note (the "Note") secured by a deed of trust (the "Deed of Trust") encumbering the real property located at 42145 Calle Barbona, Temecula, California 92592 (the "Property"). (*See* Compl., ¶ 8, **Exhibit 1**). New Century assigned the beneficial interest under the Deed of Trust to HSBC Bank and appointed ReconTrust Company ("ReconTrust") as the substitute trustee under the Deed of Trust. (*See* Request for Judicial Notice ("RJN"), **Exhibit A**). NDSC was subsequently appointed as the substitute trustee under the Deed of Trust pursuant to a Substitution of Trustee. (*See* RJN, **Exhibit B**).

### B. The Default

Borrowers defaulted under the Loan in or about January of 2008. (*See* Compl., **Exhibit 3**). As a result, on April 19, 2008, a Notice of Default and Election to Sell Under Deed of Trust was recorded against the Property. (*See* Compl., ¶ 12, **Exhibit 3**). Thereafter, on April 11, 2014, a second Notice of Default and Election to Sell Under Deed of Trust (the "Second NOD") was recorded against the Property. (*See* Compl., ¶ 23, **Exhibit 12**). Following Borrowers' failure to cure the default referenced in the Second NOD, on October 27, 2014, a Notice of Trustee's Sale (the "NOS") was recorded against the Property. (*See* Compl., ¶ 24, **Exhibit 13**). The NOS put interested parties on notice that the Property would be sold at a public auction on November 19, 2013. (*See id.*)

### C. The HOA Foreclosure

In addition to defaulting under the Loan, Borrowers defaulted on their obligation to pay assessments to Country Road Estates (the "HOA"). (*See* Compl., ¶¶ 10-11). These amounts were assessed pursuant to a Declaration of Covenants, Conditions and Restrictions (the "CC&Rs") recorded against the Property on December 4, 1979. (*See* RJN, **Exhibit C**, Article 5). Notably, the CC&Rs provide, in pertinent part:

> All restrictions and other provisions herein contained shall be deemed subject and subordinate to all mortgages and deeds of trust now or hereafter executed upon the Property subject to these restrictions, and none of said restrictions shall supersede or in any way reduce the security or affect the validity of any such mortgage or deed of trust…

(*See id.* at ¶ 11.03).

As a result of their failure to pay the assessments due to the HOA, on July 2, 2007, the HOA recorded a Notice of Delinquent Assessment (the "Delinquent Assessment Notice") against the Property. (*See* RJN, **Exhibit D**). Thereafter, on June 2, 2008, the HOA caused a Notice of Default and Election to Sell Under Assessment

Lien to be recorded against the Property. (*See* Compl., ¶ 11, **Exhibit 2**). Because Borrowers failed to cure the delinquent assessments, on September 30, 2010, the HOA sold the Property at a public auction. (*See* Compl., ¶ 13, **Exhibit 4**). Pursuant to a credit bid, the HOA was the successful bidder and, on October 4, 2010, title to the Property was conveyed to the HOA pursuant to a Trustee's Deed. (*See id.*)

On or about April 18, 2011, the HOA sold the Property to Inland Valley Enterprises, Inc. ("Inland Valley"), an entity registered to Plaintiff. (*See* Compl., ¶ 14, **Exhibit 5**). Plaintiff then purchased the Property from Inland Valley on June 2, 2011. (*See* Compl., ¶ 15, **Exhibit 6**).

### D. The Bankruptcy

On July 7, 2011, Borrowers filed a voluntary petition for relief under chapter 7 of Title 11 of the United States Code, 11 U.S.C. § 101, *et seq*. (the "Bankruptcy Code") in the U.S. Bankruptcy Court for the Central District of California. (*See* Compl., ¶ 17, **Exhibit 7**). Borrowers received a chapter 7 discharge on October 20, 2011. (*See* Compl., ¶ 19, **Exhibit 8**).

### E. The Lawsuit

On November 12, 2014, Plaintiff commenced this action by filing the aforementioned Complaint against Defendants. (*See* RJN, **Exhibit E**). Subsequently, on November 26, 2014, Defendants removed the action to this court on the basis of diversity jurisdiction. (*See id.*)

## III. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." *See* Fed. R. Civ. P. 12(b)(6). A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.1990). In determining whether the complaint states a claim

on which relief may be granted, its allegations of material fact must be taken as true and construed in the light most favorable to plaintiffs. *See Love v. United States,* 915 F.2d 1242, 1245 (9th Cir. 1990); *see also Lazy Y Ranch Ltd. v. Behrens,* 546 F.3d 580, 588 (9th Cir. 2008). The court may properly look beyond the complaint only to items in the record of the case or to matters of general public record. *Emrich v. Touche Ross & Company*, 846 F.2d 1190, 1198 (9th Cir. 1988). If the factual allegations in a complaint dot not raise the "right to relief above the speculative level," the complaint may be dismissed for failure to state a claim under Rule 12(b)(6). *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

## IV. ANALYSIS

### A. PLAINTIFF FAILS TO STATE A CLAIM FOR QUIET TITLE

California law provides that a complaint for quiet title "shall be verified" and include the following: (a) a description of the property that is the subject of the action, (b) the title of the plaintiff, (c) the adverse claims to the title of the plaintiff, (d) the date as of which the determination is sought, and (e) a prayer for the determination of the title of the plaintiff against the adverse claims. *See* Cal. Civ. Proc. Code § 761.020. The purpose of a quiet title action is to finally settle and determine the parties' conflicting claims to property and to obtain a declaration of the interest of each party. *See Newman v. Cornelius*, 3 Cal.App.3d 279, 284, 83 Cal.Rptr. 435 (1970). In an action to quiet title, the quiet title claimant has the burden of proof to show every element of the right claimed. *Tulare Dist. v. Lindsay-Strathmore Dist.*, 3 Cal.2d 489, 548, 45 P.2d 972 (1935).

Pursuant to the Complaint, Plaintiff seeks an order quieting title to the Property in his name. As an initial matter, the Complaint is technically deficient because it does not contain a legal description of the property, as required under California law. *See* Cal. Civ. Proc. Code § 761.020(a). The claim is also substantively baseless. Although

not entirely clear, Plaintiff's claim appears to be premised on two theories. First, Plaintiff contends that Borrowers' chapter 7 discharge affects HSBC Bank's lien rights. Second, Plaintiff asserts that the ownership interest he acquired from the HOA is superior to the Deed of Trust. Neither of these contentions has merit, as explained below.

### 1. The Bankruptcy Discharge

Plaintiff's contention that Borrowers' bankruptcy discharged affected HSBC Bank's lien rights reflects a fundamental misunderstanding of the law. It is well settled that a chapter 7 discharge affects only the *in personam* liability of debtors, not their *in rem* liability. Indeed, "[a] defaulting debtor can protect himself from personal liability by obtaining a discharge in a Chapter 7 liquidation." *Johnson v. Home State Bank*, 501 U.S. 78, 82-83 (1991). However, the "discharge extinguishes only "the personal liability of the debtor." *See id*. Significantly, "a creditor's right to foreclose on [a] mortgage survives or passes through the bankruptcy." *Id.*; *see also In re Akram*, 259 B.R. 371, 374-75 (Bankr. C.D. Cal. 2001) (noting that liens on property are not eliminated by a discharge; rather, they remain on the property, or "ride through" the bankruptcy). Applying these principles to the facts of this case, Borrowers' chapter 7 discharge affects only HSBC Bank's right to hold them personally liable for the Loan. HSBC Bank's lien indisputably "road through" Borrowers' bankruptcy, leaving it unaffected. Thus, Plaintiff's contention that Borrowers' discharge affects the validity of the Deed of Trust is unavailing.

### 2. Plaintiff's Title is Inferior to the Deed of Trust

The starting point for analyzing the parties' respective rights in the Property is California's Davis-Stirling Common Interest Development Act (the "Act"), Cal. Civ. Code § 4000, *et seq*. Pursuant to the Act, a homeowners' association may levy regular and special assessments. *See* Cal. Civ. Code § 5600. These assessments, plus any costs of collection, late charges, and interest, become a lien on the owner's separate

1  interest in the common interest development "from and after the time the association
2  causes to be recorded with the county recorder of the county in which the separate
3  interest is located, a notice of delinquent assessment." *See* Cal. Civ. Code § 5675. This
4  lien is "prior to all other liens recorded *subsequent to* the notice of delinquent
5  assessment, except that the declaration may provide for the subordination thereof to
6  any other liens and encumbrances." Cal. Civ. Code § 5680 (emphasis added).

7  Plainly stated, the Act does not part with the long standing principle under
8  California law that lien priority is determined by the "first in time, fist in right"
9  approach. *See DMC, Inc. v. Downey Sav. & Loan Ass'n*, 99 Cal.App.4th 190, 120
10 Cal.Rptr.2d 761, 765 (2002) ("In California, lien priority is determined by the 'first in
11 time, first in right' approach." (citing Cal. Civ. Code § 2897)). Thus, the priority of
12 the parties' respective interests turns on who was first in time. As noted above, the act
13 of recording the notice of delinquent assessment creates the assessment lien. *See
14 Diamond Heights Vill. Ass'n, Inc. v. Fin. Freedom Senior Funding Corp.*, 196
15 Cal.App.4th 290, 301, 126 Cal.Rptr.3d 673, 680 (2011). The record reflects that the
16 HOA recorded the Delinquent Assessment Notice on July 2, 2007, over a year *after*
17 the Deed of Trust was recorded. Because the Delinquent Assessment Notice was
18 recorded *after* the Deed of Trust, the Deed of Trust is superior to the HOA's lien as a
19 matter of law.[1] *See* Cal. Civ. Code § 5676. Accordingly, the HOA took title to the
20 Property subject to the Deed of Trust.

21 By extension, Inland Valley and, subsequently, Plaintiff took the Property
22 subject to the Deed of Trust. *See Veterans of Foreign Wars, Post 10965 v. City of El
23 Paso*, 62 Cal.App.4th 1077, 1080, 73 Cal.Rptr.2d 171 (1998) ("[T]he grantee of a
24 quitclaim deed takes subject to all equities that could have been asserted against the
25 grantor." *Veterans of Foreign Wars, Post 10965 v. City of El Paso*, 62 Cal.App.4th
26 1077, 1080, 73 Cal.Rptr.2d 171 (1998); *Nguyen v. Calhoun*, 105 Cal.App.4th 428,

27
28
---
[1] Although the CC&Rs were recorded prior to the Deed of Trust, they expressly provide that they do not adversely affect a subsequently recorded trust deed or mortgage. (*See* RJN, **Exhibit C**, ¶ 11.03).

438-39, 129 Cal.Rptr.2d 436, 445 (2003) ("Real property is transferable even though the title is subject to a mortgage or deed of trust, but the transfer will not eliminate the existence of that encumbrance. Thus, the grantee takes title to the property subject to all deeds of trust and other encumbrances, whether or not the deed so provides."). Since Plaintiff purchased the Property subject to the Deed of Trust, his quiet title claim necessarily fails. *See Thaler v. Household Fin. Corp.*, 80 Cal.App.4th 1093, 1101, 95 Cal.Rptr.2d 779, 784 (2000) (holding that the purchaser pursuant to an assessment lien bought subject to a deed of trust recorded prior in time to the assessment lien and therefore failed to state a claim for quiet title).

### B.   PLAINTIFF IS NOT ENTITLED TO DECLARATORY RELIEF

The Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201, 2202, provides in pertinent part:

> In a case of actual controversy within its jurisdiction…any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a). "A declaratory judgment is not a theory of recovery." *Commercial Union Ins. Co. v. Walbrook Ins. Co., Ltd.,* 41 F.3d 764, 775 (1st Cir. 1994). The DJA "merely offers an *additional remedy* to litigants." *Nat'l Union Fire Ins. Co. v. Karp,* 108 F.3d 17, 21 (2nd Cir.1997) (italics in original). A DJA action requires a district court to "inquire whether there is a case of actual controversy within its jurisdiction." *American States Ins. Co. v. Kearns,* 15 F.3d 142, 143 (9th Cir. 1994). Declaratory relief is appropriate "(1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Bilbrey by Bilbrey v. Brown*, 738 F.2d 1462, 1470 (9th Cir. 1984).

1
2
3
4
5
6
7
8

Like his quiet title claim, Plaintiff's request for declaratory relief is legally and factually baseless. The claim is premised on the same erroneous theories that: (1) Borrowers' discharge affected the Deed of Trust; and (2) Plaintiff acquired title to the Property free and clear of liens. As previously discussed, neither of these contentions has merit. Borrowers' discharge did not affect the validity of the Deed of Trust and Plaintiff indisputably acquired title to the Property subject to HSBC Bank's lien as a matter of law. Because there is no actual controversy regarding the parties' respective interests in the Property, Plaintiff is not entitled to declaratory relief.

### C. PLAINTIFF IS NOT ENTITLED TO INJUNCTIVE RELIEF

It is well settled that "[a] request for injunctive relief by itself does not state a cause of action ...." *Jensen v. Quality Loan Serv. Corp.*, 702 F.Supp.2d 1183, 1201 (E.D. Cal. 2010) (citations omitted); *see also Rosenfeld v. JPMorgan Chase Bank, N.A.*, 732 F.Supp.2d 952, 975 (N.D. Cal. 2010). While a pleading can request injunctive relief in connection with a substantive claim, a separately pled claim or cause of action for injunctive relief is inappropriate. *See Jensen*, 702 F.Supp.2d at 1201. As previously discussed, Plaintiff has not stated viable claims for quiet title or declaratory relief. For the reasons discussed below, he likewise fails to state a claim for quantum meruit. In the absence of a viable substantive claim, Plaintiff is not entitled to injunctive relief.

### D. PLAINTIFF FAILS TO STATE A CLAIM FOR QUANTUM MERUIT

Quantum meruit (or quasi-contract) is an equitable remedy implied by the law under which a plaintiff who has rendered services benefiting the defendant may recover the reasonable value of those services when necessary to prevent unjust enrichment of the defendant. *In re De Laurentiis Entm't Grp. Inc.*, 963 F.2d 1269, 1272 (9th Cir. 1992). For the law to imply an obligation to pay for services in quantum meruit, a plaintiff must prove, among other things, that it provided valuable

services that directly benefitted the defendant and that during the time the services were rendered both parties had the expectation that compensation should be made for the services. *See* California Jury Instructions ("BAJI") 10.71; *Pavne v. Bank of America Nat'l Trust & Sav. Ass'n*, 128 Cal.App.2d 295, 304, 275 P.2d 128, 134 (1954); 1 Witkin, Summary of California Law, Contracts § 113 at 138 (9th ed. 1987). "The mere fact that a person benefits another is not of itself sufficient to require the other to make restitution therefor." 1 Witkin § 91 at 123 (citing Rest., Restitution § 1, Com. c). "[R]ecovery in restitution will be denied if the services are performed gratuitously, that is without expectation of compensation." E. Allan Farnsworth, Contracts § 2.20 at 106 (2d ed. 1990).

Plaintiff's final claim seeks to recover on a quantum meruit theory for improvements made to the Property. According to Plaintiff, he invested $150,000 in repairing the Property and has enhanced its value by over $500,000. As a result, Plaintiff asserts that he is entitled to recover these amounts from Defendants.[2] He conveniently ignores the fact that he knew, or should have known, that his interest in the Property was subject to the Deed of Trust. Regardless, Plaintiff does not allege that there was any expectation of compensation for the services he performed. For that matter, Plaintiff does not even allege that Defendants knew of the services.

Put simply, Plaintiff performed the services for his own benefit. When a plaintiff works for his own benefit, quantum meruit is inapplicable. *See also Dinosaur Development, Inc. v. White*, 216 Cal.App.3d 1310, 1318 (1989); *Major-Blakenev Corp. v. Jenkins*, 121 Cal.App.2d 325, 340-41 (1953) (plaintiff who improved his own property could not recover in quantum meruit from benefitted adjacent property owners); Rest., Restitution, Quasi Contracts and Constructive Trusts § 106 ("A person who, incidentally to the performance of his own duty or to the protection or the

---

[2] As a practical matter, Plaintiff stands to recover the value of these improvements to the extent the value of the Property exceeds the balance of the Loan. Stated differently, Plaintiff will have a claim to any excess proceeds from the foreclosure sale. *See* Cal. Civ. Code § 2924k.

1 improvement of his own things, has conferred a benefit upon another, is not thereby
2 entitled to contribution."). As a consequence, Plaintiff cannot state a claim for
3 quantum meruit.

## V. CONCLUSION

For the reasons set forth herein, Plaintiff's Complaint should be dismissed. Since amendment would be futile, the dismissal should be with prejudice.

DATED: January 13, 2015         **McGLINCHEY STAFFORD**

By: */s/ Brian A. Paino*
    BRIAN A. PAINO
    JOHN CALVAGNA
    HASSAN ELRAKABAWY
Attorneys for *Defendants* **NATIONAL DEFAULT SERVICING CORPORATION; SELECT PORTFOLIO SERVICING, INC.; and HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE REGISTERED HOLDERS OF ACE SECURITIES CORP. HOME EQUITY LOAN TRUST, SERIES 2006-NC3, ASSET BACKED PASS-THROUGH CERTIFICATES**